# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ENCLAVE, LLC,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.: 2:08-cv-01535-RDP** |
| } | |
| **BANCORPSOUTH,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion to Remand (Doc. # 6), filed September 5, 2008. For reasons outlined below, the motion is due to be denied.

**I.     INTRODUCTION AND PROCEDURAL HISTORY**

This lawsuit involves a loan agreement dispute. Plaintiff maintains that Defendant wrongfully withheld proceeds of a $2,588,000.00 loan to be used for the development of Phase II of Enclave, a residential development located in Shelby County, Alabama. (*See generally* Doc. #1 at Complaint). More specifically, Plaintiff claims that it was entitled to advance proceeds of the loan in installments/draws, from time to time, which were needed for the development of the subject property. Plaintiff complains that Defendant breached its obligation when it wrongfully denied project management disbursements totaling $250,000.00 through June 2008, as requested by Plaintiff.

On August 26, 2008, Defendant removed this lawsuit from the Circuit Court of Shelby County to this court. (Doc. #1). Defendant's removal petition is premised on diversity of citizenship and maintains that Plaintiff is a citizen of Alabama, Defendant is a citizen of Mississippi, and the

amount in controversy exceeds $75,000.00 exclusive of interests and costs. (*Id*.). Plaintiff's Motion to Remand argues that Defendant is actually a citizen of the state of Alabama, and, thus, complete diversity between the parties does not exist as required by the diversity statute, 28 U.S.C. § 1332.

Defendant filed an opposition to Plaintiff's Motion to Remand on September 18, 2008. ( Doc. #7). After the filing of these initial briefs, the issues were fully addressed by the parties and Plaintiff chose not to file any reply. According to the briefing schedule margin order entered on September 10, 2008, the motion was deemed submitted for a decision on September 24, 2008.

## II.     ANALYSIS

28 U.S.C. § 1332 provides the basis for the federal court's subject matter jurisdiction. It states:

> (a) The district court shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between –
>
> (1) citizens of different states**.**

With regard to the amount in controversy, the parties do not dispute, and it is clear from the removal record, that Enclave seeks damages in excess of $75,000.00. The parties, however, dispute that they are citizens of different states.

28 U.S.C. § 1332(c) sets the standard for determining the citizenship of corporations. It states:

> (c) For purposes of this section and section 1441 of this title –
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . .

Plaintiff, Enclave, is an Alabama limited liability company. It is clear from the record that Defendant, BancorpSouth, is a Mississippi banking corporation with its principal place of business in Tupelo, Mississippi, thus satisfying the complete diversity requirement § 1332.

Plaintiff admits that Defendant is a corporation organized under the laws of Mississippi. Plaintiff argues, however, that Defendant's principal place of business should be deemed located in Alabama and not Mississippi since Defendant "has a 'presence' in both Jefferson and Shelby County, Alabama because of its multiple free standing buildings and its local advertizing." (Doc. #6 at 5). Though, Plaintiff identifies the proper factors for determining a corporation's principal place of business, it misapplies these factors in its Motion.

The Eleventh Circuit has held that "[a] corporation's principal place of business is determined by looking at the 'total activities' of the corporation." *See Sweat Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (*quoting Bel-Bel International Corporation v. Community Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998)). "This analysis incorporates both the 'place of activities' test (focusing on production or sales activities), and the 'nerve center' test (emphasis on the locus of the managerial and policy making functions of the corporation)." *Sweat Pea Marine*, 411 F.3d at 1247, (*quoting Vareka Investments, N.V. v. American Inv. Properties, Inc.*, 724 F.2d 907, 910 (11th Cir. 1984)). "The total activities test requires a somewhat subjective analysis to choose between the results of the nerve center and the place of activities tests, if they differ." *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (*citing Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 315 (5th Cir. 1980)). In *Sweat Pea Marine*, the Eleventh Circuit provided guidance as to how district courts should balance the two tests. When a company's activities are not concentrated in one place, a district court is entitled "to

give these 'nerve-center'-related facts greater significance" in determining principal place of business. 411 F.3d at 1247; *see also MacGinnitie*, 420 F.3d at 1239.

Although Defendant has numerous free standing bank locations in both Jefferson and Shelby County, Alabama, it advertises on local television in Alabama, and the loan agreement which is the basis of this lawsuit was executed and subsequently renewed in Alabama, it is clear from the facts before the court that Defendant's principal place of business for purposes of the diversity statute is Mississippi, not Alabama. The majority of Defendant's revenue is derived from its business in Mississippi. Alabama only accounts for 6.7% of its total revenue. (Doc. #8 at ¶ 7). Defendant's chairman, all of its vice-chairmen, and senior management are located in Tupelo, Mississippi. (*Id*. at ¶ 2). The most senior managers who are outside of Tupelo report to headquarters in Tupelo. (*Id*.). Defendant's human resources department is located in Tupelo and all employee files are stored in Tupelo. (*Id*. at ¶ 4). The operations system for all deposits and lending activities is located in Tupelo. (*Id* at ¶ 3). All loan administration is conducted in Tupelo and all deposit and loan documents are housed in Tupelo. (*Id*.). Defendant's control and accounting departments are located in Tupelo. (*Id*. at ¶ 5). Final approvals of loans, including Plaintiff's loan, are made in Tupelo. (*Id*. at ¶ 3). It is clear from these undisputed jurisdictional facts that Defendant's principal place of business is Mississippi and, therefore, Defendant is a citizen of Mississippi for purposes of diversity

jurisdiction.[1] The court, therefore, determines that the parties in this action meet the requirements of 28 U.S.C. § 1332 and the court shall retain jurisdiction.

**III   CONCLUSION**

For the reasons stated above, the court finds that the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, making removal proper based on diversity jurisdiction. Accordingly, Plaintiff's Motion to Remand is due to be denied. The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ____8th____ day of October, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff correctly identifies the factors of the "total activities test" as stated in *Sweat Pea Marine*, but then completely ignores these factors, asking the court to deem Defendant a citizen of Alabama because it has a "presence" in the state. Nowhere does Plaintiff cite any authority that mere "presence" in a state is all that is required to establish corporate citizenship. On the contrary, Defendant correctly points out that under Plaintiff's "presence" test, for purposes of diversity jurisdiction, a corporation would be deemed a citizen of every state in which it transacts business. Plaintiff's assertions regarding Defendant's "presence" in Alabama is more akin to a personal jurisdiction argument than one directed at citizenship. Plaintiff's final argument, that Defendant should be deemed an Alabama citizen because it is or has been a party to civil actions filed in Alabama state courts, fails for the same reasons. Defendant has requisite contacts with the state of Alabama to be subject to personal jurisdiction in the courts of the state. However, the fact that Alabama courts can exercise jurisdiction over Defendant does not render Defendant a citizen of Alabama for purposes of the diversity statute. Plaintiff cites no authority to support its position that Defendant's presence as a party to civil suits in the Alabama courts renders Defendant a citizen of the state of Alabama, and this fact simply is relevant for purposes of ascertaining Defendant's principal place of business for purposes of determining citizenship under § 1332.